# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1208
Lower Tribunal No. J23-1328A
_____

**D.K.T., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dawn Denaro, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 776.012(1), Fla. Stat. (2023) (providing in pertinent part: "A person is justified in using or threatening to use force, except deadly force, against another **when and to the extent that the person reasonably believes that such conduct is necessary** to defend himself or herself or another against the other's imminent use of unlawful force.") (emphasis added); <u>K.S.H. v. State</u>, 56 So. 3d 122, 124 (Fla. 3d DCA 2011) ("We review de novo the trial court's decision denying the motion for judgment of dismissal, but we view the evidence, and all reasonable inferences from the evidence, in a light most favorable to the State (as the prevailing party), to determine whether there is substantial, competent evidence to support the factfinder's determination.") (citation omitted). <u>See also</u> <u>id.</u> at 124-25 ("Ordinarily, whether the use of force (and whether the amount of force used) was justified is a question to be determined by the trier of fact. . . . Thus the trier of fact must necessarily determine whether the use of *any* force was justified under the circumstances, and, if so, whether the *amount of force* used was justified under the circumstances.") (citations omitted); <u>Lambrix v. State</u>, 39 So. 3d 260, 269 (Fla. 2010) ("Appellate courts do not 'reweigh the evidence or second-guess the circuit court's findings as to the credibility of witnesses.'") (quoting <u>Nixon v. State</u>, 2 So. 3d 137, 141 (Fla. 2009)) (additional quotation omitted).